# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Fuller, 2013 IL App (3d) 110391**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES FULLER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0391 |
| Filed | May 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions and sentences for home invasion and criminal sexual assault were upheld over his claim that the conviction for criminal sexual assault had to be vacated as a lesser included offense of home invasion, since it is not a lesser included offense, but the cause was remanded for consideration of defendant's *pro se* claims of ineffective assistance of counsel, because defendant's initial notice of appeal was filed while his motion to reconsider his sentences was pending, and although the appellate court dismissed the appeal and remanded the cause for consideration of the motion to reconsider, the trial court failed to address the *pro se* claims of ineffective assistance of counsel. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 08-CF-360; the Hon. Michael Brandt, Judge, presiding. |
| Judgment | Affirmed in part and remanded in part. |

| Counsel on Appeal | Bryon Kohut (argued), of State Appellate Defender's Office, of Ottawa, for appellant. |
|---|---|
| | Jerry Brady, State's Attorney, of Peoria (Terry A. Mertel and Gary F. Gnidovec (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion. Presiding Justice Wright concurred in the judgment and opinion. Justice McDade specially concurred, with opinion. |

**OPINION**

¶ 1     Defendant James Fuller was convicted of home invasion (720 ILCS 5/12-11(a)(6) (West 2006)) and criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2006)). The trial court sentenced him to two concurrent terms of natural life in prison. On appeal, defendant argues that (1) his criminal sexual assault conviction must be vacated because it is a lesser included offense of home invasion, and (2) the case should be remanded because the trial court failed to conduct an adequate inquiry into his posttrial claims of ineffective assistance of counsel. We affirm in part and remand for further posttrial proceedings.

¶ 2     Defendant was charged with home invasion and two counts of criminal sexual assault. The bill of indictment alleged that on June 3, 2006, defendant broke into S.S.'s home and sexually assaulted her. Count I of the indictment charged defendant with home invasion, alleging that he entered the dwelling place of the victim and "committed upon [S.S.] within that dwelling a criminal sexual assault in violation of Chapter 720 Act 5 Section 12-13(A)(1) [*sic*]." Counts II and III alleged that defendant "committed an act of sexual penetration with [S.S.] by the use of force or threat of force" and cited section 12-13(a)(1) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-13(a)(1) (West 2006)).

¶ 3     At trial, S.S. testified that she woke up around 4 a.m. on the morning of June 3, 2006. As she rolled over, a man grabbed her wrists and told her that he would not hurt her if she was quiet. The man climbed in bed behind her and said that he was in a fight and needed a place to hide until the police were gone. He knew her name because he had gone through her purse. He let her stand up and then pushed her back on the bed. The man inserted his finger into S.S.'s vagina. He then grabbed her right hand and placed it on his penis over his pants. S.S. pulled her hand away and accidentally scratched him. S.S. told the man that she would hide her head under a pillow if he would leave the house. When she put her head under the pillow, the man ran out of the house.

¶ 4     S.S. stated that she never saw the man's face. After the incident, she noticed that some money had been taken out of her purse and a bottle of bleach was sitting by the front door with a sock on it. As part of their investigation, the police collected fingernail clippings of

S.S.'s right hand.

¶ 5 Debra Minton, a State Police forensics officer, testified that she analyzed a buccal swab obtained from defendant and the fingernail clippings from S.S. Minton tested one of the fingernails in 2006. The clippings were resubmitted in 2008, and she tested more of the sample. The DNA profile of the material obtained from the fingernails matched defendant's DNA.

¶ 6 The court allowed evidence of other crimes to establish propensity, identity and *modus operandi*. Two other witnesses testified that they were sexually assaulted in a manner similar to the sexual assault of S.S. Both women testified that they were alone at home in bed in the early morning hours of the day. The man climbed in bed behind them, said he needed a place to hide from the police, and had oral and vaginal sex with them. He then used bleach to clean the women's bodies, took their bedding and left. DNA samples were recovered and tested from both scenes. Defendant could not be excluded as the male contributor from either sample. Neither witness could identify defendant at trial.

¶ 7 Defendant testified on his own behalf. He denied entering the homes of S.S. and the other two victims.

¶ 8 The jury found defendant guilty of home invasion and criminal sexual assault. The State filed a verified statement that defendant was a habitual criminal based on a 1982 conviction for rape in Kansas and a 1991 Peoria County conviction for armed robbery. The trial court sentenced defendant to two terms of natural life as a habitual criminal on January 26, 2010.

¶ 9 On February 24, 2010, defendant filed a motion to reconsider his sentence. On April 9, 2010, prior to the hearing on the motion to reconsider, defendant filed a notice of appeal from the January 26 order.

¶ 10 In response to a motion filed by defendant's attorney on appeal, this court entered a minute order dismissing the appeal, which stated:

"Motion of Appellant to Dismiss Appeal and Remand the Cause to the Circuit Court for a Ruling on Defendant's Timely Filed Motion to Reconsider Sentence is ALLOWED. APPEAL DISMISSED AND REMANDED."

¶ 11 On remand, the trial court conducted a hearing on the motion to reconsider. At the hearing, defendant filed a *pro se* motion alleging ineffective assistance of trial counsel. Defendant claimed that counsel was ineffective for, among other things, failing to (1) obtain a DNA report from defendant's retained expert, (2) present evidence to show that S.S.'s fingernails were tested in 2006, (3) show where S.S.'s fingernails had been kept between 2006 and 2008, and (4) challenge the chain of custody of the DNA evidence.

¶ 12 In ruling on defendant's motions, the trial court stated that "the appellate court specifically directed that the Court hear defendant's timely filed motion to Reconsider Sentence and for no other purpose was the matter remanded." The court declined to address defendant's ineffective assistance claims and denied his motion to reconsider.

¶ 13 I

¶ 14 Defendant argues that his conviction for criminal sexual assault must be vacated because,

-3-

as charged in the indictment, it is a lesser included offense of home invasion.

¶ 15	When multiple charges arise out of the same act, a defendant may be convicted and sentenced for only the most serious offense. *People v. King*, 66 Ill. 2d 551 (1977). Under *King*, a court first must determine whether a defendant's conduct consisted of separate acts or a single physical act. *King*, 66 Ill. 2d at 566; *People v. Rodriguez*, 169 Ill. 2d 183 (1996). If the court determines that the defendant committed multiple acts, the court then must determine whether any of the offenses are lesser included offenses. If so, under *King*, multiple convictions are improper. *King*, 66 Ill. 2d at 566; *Rodriguez*, 169 Ill. 2d at 186.

¶ 16	Here, defendant does not argue that his conduct involved a single act. Thus, the only question we must answer is whether the offense of criminal sexual assault is a lesser included offense of home invasion.

¶ 17	In Illinois, courts have identified three possible methods for determining whether a certain offense is a lesser included offense of another: (1) the "charging instruments" approach; (2) the "abstract elements" approach; and (3) the "factual" or "evidence" adduced at trial approach. See *People v. Novak*, 163 Ill. 2d 93 (1994). *King* itself did not expressly state which approach should be used in determining whether one offense is a lesser included offense of another. However, in *People v. Miller*, 238 Ill. 2d 161 (2010), our supreme court held that the abstract elements approach governs whether a *charged* offense is a lesser included offense of *another charged* offense. *Miller*, 238 Ill. 2d at 166-73.

¶ 18	Under the abstract elements approach, if all the elements of one offense are included in a second offense and the first offense contains no element not included in the second offense, the first offense is a lesser included offense of the second. *Miller*, 238 Ill. 2d at 166. This test, while easy to apply, is more rigid than the charging instrument approach; it considers "solely theoretical or practical impossibility" based on the statutory elements of each offense. In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense. *Novak*, 163 Ill. 2d at 106. Whether one charge is a lesser included offense of another is a question of law, which we review *de novo*. *People v. Nunez*, 236 Ill. 2d 488 (2010).

¶ 19	In *Miller*, the court was asked to determine whether retail theft was a lesser included offense of burglary. The court held that it was not a lesser included offense of theft because "it is possible to commit burglary without necessarily committing retail theft." *Miller*, 238 Ill. 2d at 176.

¶ 20	In *People v. Bouchee*, 2011 IL App (2d) 090542, the appellate court applied the reasoning in *Miller* and concluded that it is possible to commit home invasion without necessarily committing criminal sexual assault. *Bouchee*, 2011 IL App (2d) 090542, ¶ 10, *appeal denied*, No. 113473 (Jan. 25, 2012). In *Bouchee*, the court noted that although the abstract elements approach considers the " 'statutory elements of the *charged* offenses,' " it still considers the charged offenses in the statutory abstract, not in terms of how the offenses were framed in the charging indictment. (Emphasis in original.) *Id.* ¶ 11 (quoting *Miller*, 238 Ill. 2d at 175).

¶ 21	We agree with *Bouchee* that we must consider the "statutory abstract" of the charged offenses to determine whether criminal sexual assault is a lesser included offense of home invasion. Under section 12-11(a) of the Code, a person commits home invasion when he or

she "without authority *** knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present" and:

> (1) while armed with a dangerous weapon, other than a firearm, uses force or threatens the imminent use of force;
>
> (2) intentionally causes any injury to any person within the dwelling place
>
> (3) while armed with a firearm, uses force or threatens the imminent use of force;
>
> (4) uses force or threatens the imminent use of force and during the commission of the offense personally discharges a firearm;
>
> (5) personally discharges a firearm that causes great bodily harm or death; or
>
> (6) "[c]ommits, against any person or persons within that dwelling place, a violation of Section 12-13, 12-14, 12-14.1, 12-15, or 12-16 of the Criminal Code of 1961." 720 ILCS 5/12-11(a)(1)-(6) (West 2006).

Section 12-13 of the Code defines the offense of criminal sexual assault as "an act of sexual penetration by the use of force or threat of force." 720 ILCS 5/12-13(a)(1) (West 2006).

¶ 22 A comparison of the statutory elements of both offenses demonstrates that it is possible to commit home invasion without necessarily committing the offense of criminal sexual assault. A person can commit home invasion by entering a home and threatening the use of force with a knife or firearm. A person can also commit home invasion by entering a home and personally discharging a firearm that causes great bodily harm. Those acts, however, would not fulfill the statutory elements of criminal sexual assault. For that reason, criminal sexual assault is not a lesser included offense of home invasion.

¶ 23 Even if we were only to consider section 12-11(a)(6), the statutory subsection for home invasion provided in the indictment, it is still possible to commit home invasion without committing criminal sexual assault. For example, a person, while in the dwelling place of another without authority, can commit criminal sexual abuse (section 12-15) or predatory criminal assault of a child (section 12-14.1) and commit the offense of home invasion. Thus, under the abstract elements approach, criminal sexual assault is not a lesser included offense of home invasion. See *Bouchee*, 2011 IL App (2d) 090542, ¶ 10.

¶ 24                                                       II

¶ 25 Defendant also argues that the trial court erred by failing to conduct an inquiry into his posttrial allegations of ineffective assistance of trial counsel. The State responds by claiming that the trial court correctly refused to consider defendant's posttrial *pro se* motion because consideration of defendant's ineffective assistance claims went beyond the mandate of this court's remand order.

¶ 26 Supreme Court Rule 606(b) provides that when a timely posttrial motion directed against the judgment has been filed, any notice of appeal filed before the entry of the order disposing of all posttrial motions shall have no effect and shall be stricken by the trial court. Ill. S. Ct. R. 606(b) (eff. Mar. 20, 2009). When there has been no disposition of a timely posttrial motion directed against the judgment, a notice of appeal does not vest the appellate court with jurisdiction. *People v. Willoughby*, 362 Ill. App. 3d 480 (2005).

¶ 27    The right to effective assistance of counsel includes the right to conflict-free representation. *People v. Hardin*, 217 Ill. 2d 289 (2005). Thus, new counsel may be required in cases where a defendant presents a posttrial *pro se* claim of ineffective assistance. *People v. Krankel*, 102 Ill. 2d 181 (1984). While new counsel is not automatically required, the trial court must examine the factual bases of the defendant's claims. *People v. Moore*, 207 Ill. 2d 68 (2003). If the court determines that the claims lack merit or pertain only to matters of trial strategy, the court need not appoint new counsel; but if the allegations show possible neglect, new counsel should be appointed. *Moore*, 207 Ill. 2d at 77-78. The primary concern for the reviewing court is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations. *Id.* at 78. When a defendant makes a posttrial *pro se* claim alleging ineffective assistance of counsel, the circuit court must act on the motion if it has jurisdiction. *People v. Patrick*, 2011 IL 111666.

¶ 28    In this case, defendant's first notice of appeal had no effect, and the circuit court had continuous jurisdiction over the case because it had not ruled on defendant's timely filed postsentencing motion. Under Supreme Court Rule 606(b), the circuit court was required to strike the notice of appeal and hear defendant's motion to reconsider his sentence. Ill. S. Ct. R. 606(b) (eff. Mar. 20, 2009); see also *People v. Serio*, 357 Ill. App. 3d 806 (2005) (circuit court erred in failing to strike notice of appeal and consider defendant's *pro se* claims of ineffective assistance where defendant's *pro se* motion was filed while a timely filed motion was pending). Indeed, the notice of appeal did not vest the appellate court with jurisdiction. See *Willoughby*, 362 Ill. App. 3d at 482. Under the circumstances, the only course of action we could take as an appellate court was to dismiss the appeal for lack of jurisdiction; we did not have jurisdiction to order the circuit court to consider any issue. Thus, the State's argument that we remanded the cause for a specific or limited purpose lacks merit.

¶ 29    The circuit court should conduct the required preliminary examination into the factual basis of defendant's *pro se* claims of ineffective assistance of trial counsel and determine whether new counsel is needed. See *Patrick*, 2011 IL 111666, ¶ 39 (if it has jurisdiction, the circuit court must act on defendant's allegations regardless of timeliness). Thus, we remand the cause to allow the trial court to conduct an adequate inquiry into defendant's allegations.

¶ 30                                        CONCLUSION

¶ 31    The judgment of the circuit court of Peoria County convicting defendant of home invasion and criminal sexual assault is affirmed, and the cause is remanded for a posttrial inquiry.

¶ 32    Affirmed in part and remanded in part.

¶ 33    JUSTICE McDADE, specially concurring.

¶ 34    I had hoped this would be a well-reasoned and legally sound dissenting opinion, but I am forced to concur because the result we reach appears compelled by the supreme court's decision in *People v. Miller*, 238 Ill. 2d 161 (2010). That conclusion is buttressed by the

Second District's decision in *People v. Bouchee*, 2011 IL App (2d) 090542, which deals with the same crime with which the instant defendant was charged–that is, home invasion (720 ILCS 5/12-11(a)(6) (West 2006)).

¶ 35    Even though I concur, I write specially to express my concern that this case does not seem to me to present a question of lesser included offense. The criminal sexual offense at issue here and in *Bouchee* is, in its entirety, the second element of the home invasion with which defendant was charged.

¶ 36    The State alleged that Fuller was guilty of home invasion because he:

"(1) without authority knowingly entered the dwelling place of S.S. when he knew or had reason to know that one or more persons was present, *and*

(2) committed against S.S. within that dwelling place a violation of Section 12-13(a)(1) of the Criminal Code of 1961. 720 ILCS 5/12-13(a)(1) (West 2006)." (Emphasis added.)

¶ 37    In selecting this second element, the State's Attorney could have chosen any one of six possible forms of offensive conduct under the home invasion statute. Comprehended within the sixth form were five separate options. In the exercise of prosecutorial discretion, he chose the commission of section 12-13(a)(1). 720 ILCS 5/12-13(a)(1) (West 2006). He thereby established for his office, for the defendant, and for the courts the burden of proof for the charged home invasion. In other words, the State chose and defined the second element of the home invasion with which this defendant was charged and which it had to prove.

¶ 38    The crime of home invasion with which Fuller was charged required the State to prove *both* entry into the home and commission of the sex offense defined in section 12-13(a)(1). The sex offense was therefore an element of the crime, not a lesser included offense.

¶ 39    The crime constituting this second element is the same crime with which defendant was charged in count III. It cannot be a lesser included offense–it is the same offense.

¶ 40    Again distilled to its essence, this situation does not appear to me to be substantively distinguishable from felony murder, where the State can select any felony it can prove in tandem with the killing of a person during its commission. These make up the elements of the charged crime. When each element has been proven, the person is convicted of and sentenced for felony murder and cannot be sentenced again for the underlying felony.

¶ 41    In this case, Fuller was convicted of home invasion. To secure the conviction the State was required to prove two elements: an illegal entry as defined in the statute and the sexual offense as defined in the statute. He was then sentenced, as a habitual criminal, to a natural life term for the home invasion. He was also independently convicted of section 12-13(a)(1) as charged in count III and sentenced to a second natural life term on that conviction. The two sentences are being served concurrently.

¶ 42    The supreme court's decision in *Miller* does not address the exact charging situation found in this case, but it appeared to the *Bouchee* court and to this panel that this is where the *Miller* analysis requires us to go–I just do not understand how doing so comports with the traditional notions of justice and fairness which have long prevailed in the Illinois courts.