**2020 IL 124797**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

———————————

(Docket No. 124797)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
ALEJANDRO REVELES-CORDOVA, Appellant.

*Opinion filed November 19, 2020.*

CHIEF JUSTICE ANNE M. BURKE delivered the judgment of the court, with opinion.

Justices Kilbride, Garman, Karmeier, Theis, Neville, and Michael J. Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a jury trial in the circuit court of Will County, defendant, Alejandro Reveles-Cordova, was found guilty of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2010)) and home invasion predicated upon criminal sexual assault (*id.* § 12-11(a)(6)). On appeal, defendant contended that his criminal sexual assault

conviction was a lesser-included offense of home invasion and, therefore, had to be set aside under the one-act, one-crime doctrine. The appellate court rejected this contention. 2019 IL App (3d) 160418. For the reasons that follow, we reverse the judgment of the appellate court.

¶ 2                                                    BACKGROUND

¶ 3        Defendant's convictions stem from an incident involving his former girlfriend, J.B. At trial, J.B. testified she and defendant had a 15-year relationship, during which time they purchased a home together in Romeoville, Illinois, and had three children. In January 2010, defendant moved from the home. Later that year, J.B. was granted an order of protection against defendant. The order prohibited defendant from having any contact with J.B. or the children and prohibited him from entering the Romeoville home.

¶ 4        J.B. testified that, on November 20, 2010, she was getting ready in her home for a date with a new boyfriend. After she exited the shower, she heard someone walking from the first floor to the second floor. She stood waiting and heard someone trying to get into her locked bedroom door. She then heard the door being kicked in and saw defendant enter the room. According to J.B., defendant was "going crazy." He pushed J.B. and called her a "bitch" and asked why she had taken his children away. He started hitting the walls and himself and grabbed a vase of flowers on J.B.'s dresser and threw it to the floor. He also threatened to kill J.B. and take the children to Mexico.

¶ 5        J.B. stated that, at one point, defendant grabbed her cell phone from the nightstand and started going through it. While doing so, a text came in from J.B.'s new boyfriend. Defendant called the number and had a brief conversation with the boyfriend. After this, defendant became very aggravated. He pushed J.B. onto an ottoman at the end of her bed and started pulling down his pants. J.B. attempted to fight him off and told him to leave. Defendant then penetrated her vagina with his penis. J.B. testified that she was crying and repeatedly told defendant to stop.

¶ 6        After defendant finished, he pulled up his pants and again threatened to kill J.B. and take the children to Mexico. He then pushed J.B. onto the bed and began choking her. J.B. attempted to push defendant off and fight him, but when she could

no longer breathe, she stopped fighting. J.B. stated that defendant only let go of her when her cell phone rang. After that, defendant told J.B. he was going to come back and then left.

¶ 7        J.B. testified that she got dressed and went to her neighbor's house and called the police. After the police arrived, J.B. was taken to the hospital for a sexual assault examination. J.B. stated she asked defendant repeatedly throughout the incident to leave.

¶ 8        Defendant testified on his own behalf. He stated that he and J.B. spoke on November 19 and arranged to meet the next day so he could retrieve some of his mother's items from the Romeoville home. He denied arguing with J.B., pushing her, or choking her and testified they had consensual sexual relations. Defendant denied J.B. fought him off or told him to stop.

¶ 9        At the close of trial, a jury found defendant guilty of criminal sexual assault (*id.* § 12-13(a)(1)) and home invasion predicated upon criminal sexual assault (*id.* § 12-11(a)(6)). Defendant was sentenced to 11 years' imprisonment for home invasion and 9 years' imprisonment for criminal sexual assault, with the sentences to run consecutively. Thereafter, defendant filed a posttrial motion in which he argued, in part, that his criminal sexual assault conviction was a lesser-included offense of home invasion and, therefore, under the one-act, one-crime doctrine, he could be sentenced only on the home invasion conviction. The trial court denied the motion.

¶ 10       On appeal, the appellate court affirmed. 2019 IL App (3d) 160418. Relying on *People v. Fuller*, 2013 IL App (3d) 110391, the appellate court rejected defendant's one-act, one-crime argument. 2019 IL App (3d) 160418, ¶ 65. In *Fuller*, the court observed that the offense of home invasion is committed when a person acting without authority knowingly enters the dwelling place of another, knowing that someone is present, and then commits one of several predicate acts. *Fuller*, 2013 IL App (3d) 110391, ¶ 21. These predicate acts include, for example, threatening the use of force with a knife or firearm or committing criminal sexual assault. *Id.* Given this structure of the home invasion offense, the *Fuller* court reasoned that it is possible in some instances to commit home invasion without committing criminal sexual assault. *Id.* ¶ 22. Therefore, the court concluded, criminal sexual assault should not be considered a lesser-included offense of home invasion. *Id.* The appellate court below declined to find that *Fuller* was wrongly decided and

affirmed defendant's convictions. 2019 IL App (3d) 160418, ¶ 65.

¶ 11                                    ANALYSIS

¶ 12      In *People v. King*, 66 Ill. 2d 551, 566 (1977), this court held that, when the State charges a defendant with multiple offenses that arise "from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses," multiple convictions and sentences can be entered. This has come to be known as the one-act, one-crime doctrine. *People v. Miller*, 238 Ill. 2d 161, 165 (2010). The one-act, one-crime doctrine requires a two-step analysis. *Id.* First, the court must consider whether the defendant's conduct involved multiple acts or a single act. Multiple convictions are improper if they are based on precisely the same physical act. Second, if the conduct involved multiple acts, the court must determine whether one offense is a lesser-included offense of another. If an offense is a lesser-included offense, multiple convictions are improper. *Id.*

¶ 13      In *Miller*, this court held that, when determining when one offense is a lesser-included offense of another under *King*, courts should employ the "abstract elements" approach. *Id.* at 163. This approach requires the court to examine the statutory elements of the two offenses. "If all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second." *Id.* at 166. We observed this was the "strictest approach in the sense that it is formulaic and rigid, and considers 'solely theoretical or practical impossibility.' " *Id.* (quoting *People v. Novak*, 163 Ill. 2d 93, 106 (1994)). In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense. *Id.*

¶ 14      The present case requires us to determine how the abstract elements approach applies to the offense of home invasion. In general, a defendant commits home invasion when

> "without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present or he or she knowingly enters the dwelling place of another and remains in such

> dwelling place until he or she knows or has reason to know that one or more persons is present"

and he or she engages in a separate predicate act, listed in one of six subsections. 720 ILCS 5/12-11(a) (West 2010). These predicate acts include using force or threatening to use force while armed with a firearm or other dangerous weapon (*id.* § 12-11(a)(1), (3)); intentionally causing injury (*id.* § 12-11(a)(2)); using force or threatening to use force and discharging a firearm (*id.* § 12-11(a)(4)); personally discharging a firearm that proximately causes great bodily harm (*id.* § 12-11(a)(5)); and, relevant here, committing one of five sexual offenses, including criminal sexual assault (*id.* § 12-11(a)(6)). The question we must answer here is whether, under the abstract elements approach, a court looks only to the specific statutory subsection of home invasion with which a defendant is charged and convicted, or whether the court looks to the entire statutory provision.

¶ 15        A split among the districts of the appellate court has arisen as to this question. One line of decisions, identified by defendant as the *Bouchee* line, interprets *Miller* as requiring courts to consider all of the statutory sections of the two relevant offenses, not just the particular subsection under which the defendant was charged and convicted. See *People v. Bouchee*, 2011 IL App (2d) 090542, ¶ 11; *Fuller*, 2013 IL App (3d) 110391, ¶¶ 20-22. Under this interpretation, criminal sexual assault is not a lesser-included offense of home invasion (even when home invasion is predicated on criminal sexual assault), because it is possible to commit other forms of home invasion without committing criminal sexual assault.

¶ 16        The other line of cases, identified by defendant as the *Skaggs* line, interprets *Miller* to require courts to consider only the statutory subsection under which the defendant was actually charged and convicted. See *People v. Skaggs*, 2019 IL App (4th) 160335, ¶¶ 33-39; see also *People v. Curry*, 2018 IL App (1st) 152616, ¶¶ 26-28 (robbery and aggravated criminal sexual assault); *People v. Gillespie*, 2014 IL App (4th) 121146, ¶¶ 15-23 (armed violence and possession with intent to deliver). Under this interpretation, when a defendant is charged and convicted of criminal sexual assault and home invasion predicated on criminal sexual assault, criminal sexual assault is a lesser-included offense of home invasion because all of the elements of the sexual offense are included in home invasion and no other element must be proven. Thus, it is "theoretically and practically impossible to commit

home invasion under section 12-11(a)(6) without committing the sex offense listed in the home invasion charge." *Skaggs*, 2019 IL App (4th) 160335, ¶ 39.

¶ 17    The appellate court below, as noted above, relied on the *Bouchee* line of cases. Defendant contends this was error, and we agree. We find instructive *Whalen v. United States*, 445 U.S. 684 (1980). In *Whalen*, the defendant was convicted of rape and the felony murder of the victim in the perpetration of that rape. *Id.* at 685. The defendant argued his sentence for rape had to be vacated because it merged with the felony-murder offense. *Id.* at 686. The offense of rape and the felony-murder offense, which specified six different predicate felonies, were separate statutory offenses. *Id.* The District of Columbia Court of Appeals concluded both sentences could stand. *Id.* at 686-87.

¶ 18    The United States Supreme Court reversed. *Id.* at 695. In so doing, the Court looked to the test announced in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which held " '[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' [Citations.]" *Whalen*, 445 U.S. at 692. In the case before it, the Court concluded it "plainly [was] not the case that 'each provision requires proof of a fact which the other does not.' " *Id.* at 693 (quoting *Blockburger*, 284 U.S. at 304). "A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape." *Id.* at 693-94.

¶ 19    The government nevertheless argued felony murder and rape were not the same offense "since the former offense does not in all cases require proof of a rape." *Id.* at 694. Specifically, a defendant could commit the former offense in "the course of committing rape *or* robbery *or* kidnaping *or* arson, etc." (Emphases in original.) *Id.* Therefore, according to the government, the defendant could properly be convicted of both offenses. The Court rejected this interpretation, stating:

"Where the offense to be proved does not include proof of a rape—for example, where the offense is a killing in the perpetration of a robbery—the offense is of course different from the offense of rape, and the Government is correct in believing that cumulative punishments for the felony murder and for a rape would be permitted under *Blockburger*. In the present case, however, proof of

rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense. There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions. It is doubtful that Congress could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it." *Id.*

See also *United States v. Mahdi*, 598 F.3d 883, 890 (D.C. Cir. 2010) (when analyzing compound offenses, look to predicate offense charged); *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005) (under *Blockburger*, consider elements of specific offense defendant alleged to have committed); *United States v. McLaughlin*, 164 F.3d 1, 13 (D.C. Cir. 1998) (where list of offenses can serve as predicate, treat as if there is a separate provision for each offense on list); *State v. Huff*, 802 N.W.2d 77, 97-98, 98-99 (Neb. 2011) (possible predicates of a compound offense should not be incorporated into the offense when determining whether it contains elements another statute does not; when compound offense purportedly a greater offense, must consider specific predicate defendant charged with when comparing); *State v. Zima*, 102 Ohio St. 3d 61, 2004-Ohio-1807, 806 N.E.2d 542, ¶ 40 (under *Blockburger*, each statutory element should be construed to constitute separate offenses and analyzed accordingly).

¶ 20    We find the reasoning of *Whalen* persuasive in this case. Here, each of the alternative acts or predicates contained in the six subsections of section 12-11(a) of the home invasion statute should be construed as separately proscribed offenses. Additionally, the five sex offenses identified in subsection (a)(6) should be construed as separately proscribed offenses as well. To hold otherwise would mean that a mere "formal *** difference in drafting" (*Whalen*, 445 U.S. at 694) would determine whether one offense is a lesser-included offense of another. We cannot embrace such a result.

¶ 21    Based on this conclusion, we agree with defendant that we must vacate his conviction for criminal sexual assault. Proof of criminal sexual assault is a necessary element of proof of home invasion predicated on criminal sexual assault. All the elements of criminal sexual assault are included in the offense of home

invasion predicated on criminal sexual assault, and criminal sexual assault contains no element not included in home invasion. It is impossible to commit home invasion predicated upon criminal sexual assault without committing criminal sexual assault. As such, criminal sexual assault is a lesser-included offense of home invasion. Accordingly, we reverse the judgments of the circuit and appellate courts. In addition, we overrule the decisions in *Fuller* and *Bouchee*.

¶ 22                                      CONCLUSION

¶ 23     The judgments of the appellate and circuit courts are reversed. The cause is remanded to the circuit court with directions to vacate defendant's conviction and sentence for criminal sexual assault.

¶ 24     Judgments reversed.

¶ 25     Cause remanded with directions.