NOTICE

Decision filed 11/29/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200408-U

NO. 5-20-0408

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 07-CF-452 |
| | ) | |
| MICHAEL J. THOMPSON, | ) | Honorable |
| | ) | Stephen R. Green, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1  *Held*: Where the circuit court did not err in dismissing the defendant's amended postconviction petition, and any argument to the contrary would lack substantial merit, the defendant's appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2  The defendant, Michael J. Thompson, appeals from the circuit court's order dismissing his amended petition for postconviction relief at the second stage of postconviction proceedings. His appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis, it has filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support thereof. OSAD gave proper notice to the defendant. This court gave him ample opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed

1

to withdraw as counsel or why this appeal has merit, but the defendant has not taken advantage of that opportunity. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                              BACKGROUND

¶ 4     The State filed an information charging the defendant with three counts of first degree murder and three counts of aggravated kidnapping. The three murder counts related to a single victim, Benjamin Slaughter. The three aggravated-kidnapping counts related to Slaughter, Erica Cummings, and Trevon Triplett. The codefendant in all six counts was Terrence Vinson.

¶ 5     In 2008, the cause proceeded to a trial by jury. The defendant was represented by appointed counsel. The jury found the defendant guilty of the first degree murder of Slaughter, and guilty of the aggravated kidnappings of Slaughter, Cummings, and Triplett. The defendant filed, by counsel, a motion for a new trial, alleging that various errors had been made during *voir dire*, and in the admission of evidence and the sending of evidence to the jury during its deliberations, and further alleging that the State had failed to prove the defendant guilty beyond a reasonable doubt, but that motion was denied. The circuit court sentenced the defendant to imprisonment for 75 years for the first degree murder of Slaughter, and 20 years each for the aggravated kidnappings of Slaughter, Cummings, and Triplett. The sentences for the murder and kidnapping of Slaughter were concurrent with one another. The sentences for the kidnappings of Cummings and Triplett were concurrent with one another, but consecutive to the sentences for the offenses involving Slaughter. (The aggregate sentence was 95 years.) Four years of mandatory supervised release (MSR) would follow. A motion to reconsider sentence, claiming excessive sentence, was denied.

2

¶ 6      The defendant appealed to this court. OSAD was appointed to represent him. He argued that he was denied a fair trial by the circuit court's decision to allow jurors to see photographic arrays that included mug shots of him, and that the court abused its discretion in imposing consecutive sentences. This court rejected both arguments and affirmed the judgment of conviction. *People v. Thompson*, 2011 IL App (5th) 080537-U.

¶ 7      The evidence at trial was detailed in this court's order in the direct appeal. Additional comments on the evidence will be made where necessary for a disposition of the instant appeal.

¶ 8      In October 2013, the defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)). He claimed (1) that the circuit court had erred in sending to the jury, during its deliberations, photo arrays that included his mug shot; (2) that the circuit court had abused its discretion in imposing consecutive sentences; (3) that trial counsel provided ineffective assistance by failing to call "five people who could have corroborated [the defendant's] alibi"; and (4) that the three convictions for aggravated kidnapping needed to be reversed under the one-act, one-crime rule, for they were based on the same physical act as the first degree murder conviction. The petition did not name any of the five alleged alibi witnesses, and it did not outline their anticipated testimony. However, an affidavit from Trevis Thompson was attached to the petition, and it appears that he was one of the five. In the affidavit, Trevis Thompson described how Marcus William ("an associate of mine *** also known as Little Folks") and Terrence Vinson (that is, the defendant's codefendant) drove off in a blue Mercury automobile. The affidavit did not include an explanation of the significance of the testimony. Postconviction counsel was appointed for the defendant.

¶ 9      In August 2014, the State filed a motion to dismiss the postconviction petition. The grounds for dismissal included, *inter alia*, untimeliness, *res judicata*, and failure to state a

3

constitutional claim. The motion to dismiss was accompanied by a memorandum of law in support thereof.

¶ 10 In May 2020, the defendant filed, by counsel, an amended postconviction petition. In it, the defendant argued in detail that his *pro se* postconviction petition had been timely filed. The defendant also "adopt[ed] and incorporate[d] the entirety of" his *pro se* postconviction petition and the Trevis Thompson affidavit.

¶ 11 In June 2020, the State filed an "amended motion to dismiss defendant's amended petition for post-conviction relief." The amended motion briefly argued that the defendant's *pro se* petition was not timely filed, and that the defendant had failed to provide sufficient facts to excuse his culpable negligence. The State also "reassert[ed] and incorporate[d] by reference" its motion to dismiss the postconviction petition, along with the supporting memorandum of law, filed in August 2014. The amended motion to dismiss was accompanied by an amended memorandum of law in support thereof.

¶ 12 In August 2020, postconviction counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Counsel stated that he had "consulted" with the defendant "in person, by mail, and by telephone" in order to "ascertain" the defendant's "contentions of deprivation of constitutional rights"; that he had "examined the record and the transcripts of proceedings"; and that he had "made any amendments to the filed *pro se* petition that were necessary for an adequate presentation of [the defendant's] contentions."

¶ 13 In September 2020, the circuit court entered an order in this case. The court found that the postconviction petition was not timely filed, but it did not find culpable negligence. Turning to the merits of the individual claims in the petition, the court found that none of them set forth facts

which, if true, would make a substantial showing of a constitutional violation. Accordingly, the court dismissed the petition.

¶ 14 The defendant perfected the instant appeal. OSAD was appointed to represent him on appeal

¶ 15                                                    ANALYSIS

¶ 16 This appeal is from the circuit court's order dismissing the defendant's amended postconviction petition, at the second stage of postconviction proceedings. Appellate review is *de novo. People v. Dupree*, 2018 IL 122307, ¶ 29. As previously noted, OSAD has filed a *Finley* motion to withdraw, and the defendant has not filed any type of response. In the memorandum of law that accompanies OSAD's motion, OSAD discusses (no fewer than) six potential issues in this appeal. This court will address each one.

¶ 17 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a method by which any person imprisoned in the penitentiary may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. *Id.* § 122-1(a)(1); *People v. Smith*, 2015 IL 116572, ¶ 9. A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. A criminal defendant initiates a postconviction proceeding by filing a petition in the circuit court. 725 ILCS 5/122-1(b) (West 2020). If the petition is not dismissed at the first stage as frivolous or patently without merit, it advances to the second stage. *Id.* § 122-5. At the second stage, the State may either answer the petition or move to dismiss it. *People v. Domagala*, 2013 IL 113688, ¶ 33. If the State moves for dismissal, the circuit court must decide whether to grant the State's motion or advance the petition to the third stage for an evidentiary hearing. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). A petitioner is entitled to an evidentiary hearing only if the petition's

allegations—supported by "affidavits, records, or other evidence" (725 ILCS 5/122-2 (West 2020))—make "a substantial showing of a constitutional violation." *Edwards*, 197 Ill. 2d at 246.

¶ 18 At the second stage, the inquiry into whether a postconviction petition contains sufficient allegations of constitutional violations "does not require the circuit court to engage in any fact-finding or credibility determinations." *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). Such determinations are made at the litigation's evidentiary stage, not at the dismissal stage. *Id.* Also, at the second stage, the circuit court examines a postconviction petition to determine its legal sufficiency, and any allegations not affirmatively refuted by the record must be taken as true. *Domagala*, 2013 IL 113688, ¶ 35. Thus, the substantial showing of a constitutional violation that must be made at the second stage is a measure of the legal sufficiency of the petition's well-pleaded allegations of a constitutional violation, which, if proven at an evidentiary hearing, would entitle the postconviction petitioner to relief. *Id.* The dismissal of a postconviction petition at the second stage is warranted only if "the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Hall*, 217 Ill. 2d 324, 334 (2005).

¶ 19 The first potential issue raised by OSAD in its *Finley* memorandum is whether postconviction counsel complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). That rule was designed to ensure that a defendant received the level of assistance required under the Act, which is to say, a reasonable level of assistance. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). On appeal from the denial of postconviction relief at the second stage, a defendant may allege that counsel provided unreasonable assistance. *People v. Johnson*, 2018 IL 122227, ¶ 22. "The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule." *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25.

Counsel filed a Rule 651(c) certificate—described and quoted from, *supra*—which closely tracks the language of the rule itself. Therefore, it creates the presumption of compliance. Nothing in the record on appeal overcomes that presumption. This potential issue is meritless.

¶ 20    The second potential issue is whether the circuit court erred in finding that the defendant's claims (1) of undue prejudice from the jury's receiving lineup photos during its deliberations and (2) of abuse of discretion for consecutive sentencing, were barred by the doctrine of *res judicata*. Whatever else can be said about this potential issue, the defendant's claims about lineup photos and consecutive sentencing definitely were barred by *res judicata*. Those two claims were raised by the defendant—and considered and rejected by this court—in the direct appeal. *People v. Thompson*, 2011 IL App (5th) 080537-U (judgment of conviction affirmed). This potential issue is meritless.

¶ 21    The third potential issue raised by OSAD is whether the circuit court erred in finding that the defendant had failed to make a substantial showing that his trial counsel was constitutionally ineffective for failing to call five alibi witnesses. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's assistance was deficient, *i.e.*, that counsel committed errors that "fell below an objective standard of reasonableness", and (2) that he was deprived of a fair trial, *i.e.*, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). Both prongs of the *Strickland* test—deficient performance and prejudice—must be satisfied in order to establish ineffective assistance. *Strickland*, 466 U.S. at 687. A failure to satisfy either prong will be fatal to a defendant's claim. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000). Where an ineffective-assistance claim is made in a postconviction petition, it must be supported

by affidavits, records, or other evidence, or else the petition must state why such support is not attached. See 725 ILCS 5/122-2 (West 2020). When a defendant claims that counsel was ineffective for failing to call a certain witness to testify, he must attach that witness's affidavit to his petition. *People v. Enis*, 194 Ill. 2d 361, 380 (2000). Such an affidavit must show the potential testimony of the witness and explain the significance of the testimony. *People v. Barcik*, 365 Ill. App. 3d 183, 190-91 (2006).

¶ 22 Here, the defendant faulted counsel for failing to call five alibi witnesses. However, he attached to his postconviction petition the affidavit of only one such witness—Trevis Thompson. Four of the five alleged witnesses did not have affidavits describing their potential testimonies, and the defendant's petition did not state any reason for not attaching their affidavits. Meanwhile, Trevis Thompson's affidavit was vague to the point where it would not have created any possibility of a different result at trial. Such testimony would have been overwhelmed by the actual trial testimonies of Michael Green and Erica Cummings, which placed the defendant at the scenes of the crimes, with a handgun. Their testimonies—and especially that of Cummings, who was one of the aggravated-kidnapping victims—were compelling and corroborated. To say the least, the defendant did not satisfy the prejudice prong of ineffective assistance.

¶ 23 The fourth potential issue raised by OSAD is whether the circuit court erred in finding that the one-act, one-crime issue was forfeited due to the defendant's failure to raise it on direct appeal. The Act's purpose is to allow consideration of constitutional issues that were not, and could not have been, considered previously on direct appeal. *English*, 2013 IL 112890, ¶ 22. Issues that could have been raised on direct appeal, but were not, are forfeited in a postconviction petition. *Id.* To decide this particular issue, the least that needs to be said is that the defendant could have presented this issue on direct appeal but did not. The direct-appeal record contained everything

necessary to present the issue. His failure to raise the issue on direct appeal forfeits any consideration of the issue in postconviction proceedings.

¶ 24 The fifth potential issue is whether the circuit court erred in finding that the one-act, one-crime issue is not of constitutional dimension, and therefore is not cognizable under the Act. Even OSAD, in its memorandum in support of its *Finley* motion, makes short shrift of this potential argument. OSAD notes that our supreme court has stated that the one-act, one-crime doctrine—which was articulated by our supreme court in *People v. King*, 66 Ill. 2d 551 (1977)—"is not constitutionally mandated." *People v. Artis*, 232 Ill. 2d 156, 164 (2009). Hence, the defendant's one-act, one-crime claim was not cognizable in a postconviction proceeding.

¶ 25 The sixth (and final) potential issue raised by OSAD in its *Finley* memorandum is whether postconviction counsel provided unreasonable assistance when he failed to amend the defendant's *pro se* postconviction petition to claim that direct-appeal counsel was ineffective for not raising a one-act, one crime challenge. The defendant claimed that his three convictions for aggravated kidnapping needed to be reversed due to their being based on the same physical act as the first degree murder conviction. Under one-act, one-crime principles, a defendant cannot be convicted of multiple offenses "carved from the same physical act." *King*, 66 Ill. 2d at 566. Two steps are required for a *King* analysis: (1) whether the defendant committed multiple acts, and (2) if he did commit multiple acts, whether any of the charges are lesser-included offenses. *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996). Aggravated kidnapping, as charged and found here, consists of secretly confining another against his will (720 ILCS 5/10-1(a)(1) (West 2006)) while armed with a firearm (*id.* § 10-2(a)(6)). First degree murder, as charged and found here, consists of killing an individual without lawful justification while, in performing the acts which cause death, he intended to kill or to do great bodily harm to the individual, or he knew that his acts

would cause death to the individual, or he knew that his acts created a strong probability of death or great bodily harm to the individual. *Id.* § 9-1(a)(1), (2).

¶ 26 Here, the defendant committed the three aggravated kidnappings when he walked up to the car that Slaughter, Cummings, and Triplett were in and told them not to move, and the defendant's codefendant, Terrence Vinson, then zip-tied the wrists of Slaughter, Cummings, and Triplett behind their backs and drove the three of them against their will, plus the defendant, for approximately 90 minutes, finally stopping in a wooded area. The defendant committed first degree murder when he, in that wooded area, fired his handgun, once, into the back of Slaughter's skull, killing him. All three aggravated kidnappings were completed crimes before the murder was even begun. The kidnappings and the murder were not based on the same physical act. See *People v. Reveles-Cordova*, 2020 IL 124797, ¶ 12 (multiple convictions are improper if "based on precisely the same physical act"). Also, neither offense is a lesser-included offense of the other. *Id.* (if an offense is a lesser-included offense, "multiple convictions are improper"). There was nothing improper with convicting the defendant of the three aggravated kidnappings and the first degree murder of Slaughter. Likewise, there is no merit to this potential issue on appeal.

¶ 27                                   CONCLUSION

¶ 28 All six of OSAD's potential issues on appeal are entirely without merit. Furthermore, this court's independent examination of the record on appeal does not reveal any issue of arguable merit. The defendant failed to make a substantial showing of a constitutional violation, and the circuit court properly dismissed his amended postconviction petition. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 29 Motion granted; judgment affirmed.

10