2024 IL App (2d) 230066-U
No. 2-23-0066
Order filed March 6, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-356 |
| JASON R. McLEMORE, | ) ) ) | Honorable Joseph C. Pedersen, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appellate counsel demonstrated that no issue of arguable merit could be raised on defendant's behalf; we granted counsel's *Anders* motion and affirm.

¶ 2    In this direct appeal, appellate counsel moved to withdraw on the grounds that there is no issue of arguable merit she could raise on defendant's behalf. As explained below, we agree, and so we grant the motion and affirm defendant's conviction and sentence.

¶ 3                    I. BACKGROUND

¶ 4    Defendant, Jason R. McLemore, was charged by indictment with, *inter alia*, one count of aggravated battery (720 ILCS 5/12-3.05(d)(2) (West 2018)) and two counts of domestic battery

(*id.* § 12-3.2(a)(1), (a)(2)). The alleged victim was Callie Zinn (Zinn was named "Callie Zinn-Arndt" in the indictment, but she referred to herself at trial as simply "Callie Zinn"). The indictment alleged that defendant committed aggravated battery by "grabb[ing] [Zinn] by the wrists and put[ting] pressure on her abdomen" while knowing that she was pregnant. The domestic battery counts alleged that Zinn was a household or family member and that defendant (1) knowingly caused bodily harm to Zinn in that he "struck Zinn's leg causing injury" and (2) knowingly made contact of an insulting or provoking nature with Zinn in that he "grabbed [Zinn] by the wrists and struck her." Before trial, the State filed a motion *in limine* to admit into evidence a recording of a 911 call made by Zinn. The trial court granted the motion as to all but a portion at the beginning of the recording. The court also granted the State's motion to admit evidence of defendant's prior acts of domestic violence against Zinn. See 725 ILCS 5/115-7.4 (West 2018).

¶ 5     At defendant's bench trial, Zinn testified that she and defendant had been in a romantic relationship from December 2018 until July 5, 2019. On the latter date, Zinn and defendant drove separately to a storage facility so that she could retrieve some of her belongings. Zinn, who was then seven months pregnant, arrived first. When defendant arrived, he and Zinn started arguing. At some point, defendant grabbed Zinn's wrists and "tackled" her into the front seat of her car. While "pinn[ing]" Zinn's wrists, defendant "pressed his knee in [her] belly super hard." Defendant placed "all of his weight" on her belly. Zinn was visibly pregnant at the time, and she and defendant had spoken about her pregnancy. Zinn testified that, before defendant pressed his knee into her belly, his knee hit "the left part of [her] hip, thigh area pretty hard." A photograph showing bruises on Zinn's thigh was admitted into evidence. According to Zinn, the photograph accurately depicted "[t]he bruises that [she] was left with after the altercation." After the incident, Zinn called 911. Per

the trial court's ruling on the State's motion *in limine*, the recording of the 911 call was played in court and admitted into evidence.

¶ 6    Also, Zinn testified to two prior instances in which defendant physically abused her. In January 2019, defendant and Zinn were at a storage unit, retrieving items and loading them into a van. At some point, they began to argue. During the argument, defendant made a remark that angered Zinn. She responded by knocking a box out of defendant's hands. Defendant in turn grabbed Zinn by her shirt and "swung [her] and hit [her] against the door to the storage unit, and then swung and hit [her] against the door to the van." Zinn further testified that, in the spring of 2019, defendant became angry "because [Zinn] didn't feel comfortable driving the vehicle he asked [her] to drive." When she "went *** to get out of the truck," defendant grabbed her arm and twisted it, causing her pain and leaving a bruise.

¶ 7    The trial court found defendant guilty of aggravated battery and domestic battery. The court merged the "insulting or provoking" battery conviction into the "bodily harm" battery conviction. The court sentenced defendant to 24 months' probation and 180 days in the county jail with credit for 180 days served. Defendant appealed, and the trial court appointed the Office of the State Appellate Defender to represent him.

¶ 8                                II. ANALYSIS

¶ 9    Per *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), the appellate defender moves to withdraw as counsel. In her motion, counsel states that she read the record and found no issue of arguable merit. Counsel further states that she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts and an argument as to why this appeal presents no issue of arguable merit. We advised

defendant that he had 30 days to respond to the motion. That time has passed, and defendant has not responded.

¶ 10    Counsel indicates that she considered the following five potential issues: (1) whether the trial court properly granted the State's motion to admit evidence of defendant's prior acts of domestic violence against Zinn, (2) whether the trial court properly admitted the recording of Zinn's 911 call, (3) whether the evidence was sufficient to sustain defendant's convictions, (4) whether defendant's sentence was an abuse of discretion, and (5) whether defendant's convictions violate the one-act, one-crime rule. However, counsel concludes that none of these issues has arguable merit. We agree.

¶ 11    First, we consider whether the trial court properly granted the State's motion to admit evidence of defendant's prior acts of domestic violence against Zinn. Counsel notes that, although defendant forfeited this issue by failing to raise it in his posttrial motion (see *People v. Enoch*, 122 Ill. 2d 176, 186 (1988)), the plain-error rule (see Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)) permits review of forfeited issues in some circumstances. See *People v. D'Alise*, 2022 IL App (2d) 210541, ¶ 23. In applying the plain-error rule, the first step is to determine whether plain error—*i.e.*, error that is clear or obvious—occurred. *Id.* ¶ 45.

¶ 12    We agree with counsel that she can make no nonfrivolous argument that the trial court committed a plain or obvious error in admitting the other-crimes evidence. Section 115-7.4 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-7.4 (West 2018)) provides in pertinent part:

"(a) In a criminal prosecution in which the defendant is accused of an offense of domestic violence as defined in paragraphs (1) and (3) of Section 103 of the Illinois Domestic Violence Act of 1986, or first degree murder or second degree murder when the

commission of the offense involves domestic violence, evidence of the defendant's commission of another offense or offenses of domestic violence is admissible, and may be considered for its bearing on any matter to which it is relevant.

(b) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances.

(c) *In a criminal case in which the prosecution intends to offer evidence under this Section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial*, or during trial if the court excuses pretrial notice on good cause shown." (Emphasis added.)

¶ 13    When the State moved to admit evidence under this section, the trial was scheduled to occur four days later, and defendant protested the late disclosure of the prior offenses. Had the trial proceeded as scheduled, the disclosure arguably would not have been made "at a reasonable time in advance of trial," as section 115-7.4(c) of the Code (*id.* § 115-7.4(c)) requires. However, the trial ultimately took place several months later. Thus, it is certainly neither clear nor obvious that the disclosure ran afoul of the timing provision. Nor is it either clear or obvious that the other-crimes evidence did not meet the substantive criteria of section 115-7.4(b) of the Code (*id.* § 115-7.4(b)). The prior offenses occurred within six months of, and were factually similar to, the charged offenses. Considering all "relevant facts and circumstances," counsel could not credibly argue that any undue prejudice from the admission of the evidence outweighed its probative value.

¶ 14    Second, we consider whether the trial court erred in admitting the recording of the 911 call into evidence. Again, defendant forfeited this issue by omitting it from his posttrial motion. Thus, the question before us is whether plain error—error that is clear or obvious—arguably occurred. The recording of the 911 call was hearsay, which is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted" (Ill. R. Evid. 801(c) (eff. Oct. 15, 2015)). Hearsay is ordinarily inadmissible. Ill. R. Evid. 802 (eff. Jan. 1, 2011). However, the court admitted the recording under the hearsay rule's exception for an "excited utterance," which is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Ill. R. Evid. 803(2) (eff. Mar. 24, 2022). Although Zinn called 911 several minutes after her altercation with defendant, the court concluded that Zinn was still under the stress of the excitement caused by the incident. Having listened to the recording, we conclude there is no basis for arguing that the court committed a clear or obvious error.

¶ 15    Third, we consider the sufficiency of the evidence. In reviewing a challenge to the sufficiency of the evidence in a criminal proceeding, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Moreover, "a reviewing court will not substitute its judgment for that of the trier of fact on issues involving the weight of evidence or the credibility of witnesses." *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224-25 (2009).

¶ 16    The trial court found defendant guilty of, and sentenced him on, aggravated battery and domestic battery (bodily harm). "A person commits battery if he or she knowingly without legal

justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a) (West 2018). A person who commits a battery while knowing that the victim is pregnant is guilty of aggravated battery. *Id.* § 12-3.05(d)(2) (West 2018). A person who commits a battery of a "family or household member" is guilty of domestic battery. *Id.* § 12-3.2(a)(1), (a)(2). " 'Family or household members' " include "persons who have or have had a dating or engagement relationship." *Id.* § 12-0.1.

¶ 17    Zinn's testimony was sufficient to prove all elements of the foregoing offenses beyond a reasonable doubt. She testified that defendant, knowing she was pregnant, pinned her wrists and placed his entire body weight on his knee as he pressed it against her abdomen. Zinn did not testify that this act caused her bodily harm, but it was certainly of an insulting or provoking nature. Thus, Zinn's testimony established that defendant committed aggravated battery. Moreover, her testimony that she and defendant were in a dating relationship when he struck her with his knee, bruising her thigh, was sufficient to sustain the conviction of domestic battery (bodily harm). Thus, there is no arguably meritorious basis for challenging the sufficiency of the evidence.

¶ 18    Fourth, we consider whether defendant's sentence for aggravated battery and domestic battery (bodily harm) was an abuse of discretion. We note that defendant did not move to reconsider his sentence. Accordingly, the issue is forfeited. See *People v. Rogers*, 2015 IL App (2d) 130412, ¶ 80. Although the plain-error rule applies to unpreserved sentencing errors (*id.*), there is no arguable basis for claiming that the trial court committed error in sentencing defendant, let alone that the error was plain error.

¶ 19    As we have recently noted:

" '[T]he trial court is in the best position to fashion a sentence that strikes an appropriate balance between the goals of protecting society and rehabilitating the defendant.' [Citation.] Thus, we may not disturb a sentence within the applicable sentencing range unless the trial court abused its discretion. [Citation.] A sentence is an abuse of discretion only if it is at great variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. [Citation.] We may not substitute our judgment for that of the trial court merely because we might weigh the pertinent factors differently. [Citation.]" *People v. Boots*, 2022 IL App (2d) 200640, ¶ 42.

¶ 20    Aggravated battery is a Class 3 felony (720 ILCS 5/12-3.05(h) (West 2018) punishable by a prison term of 2 to 5 years, a term of probation or conditional discharge up to 30 months, and/or a fine (730 ILCS 5/5-4.5-40(a), (d), (e) (West 2018)). Domestic battery (bodily harm) is a Class A misdemeanor (720 ILCS 5/12-3.2(b) (West 2018)) punishable by a prison sentence of less than one year, a term of probation or conditional discharge up to two years, and/or a fine (730 ILCS 5/5-4.5-55(a), (d), (e) (West 2018)). The trial court spared defendant from a possibly lengthy prison term, sentencing him instead to a comparatively lenient term of probation. Thus, there is no nonfrivolous basis for challenging defendant's sentence.

¶ 21    Finally, we consider whether defendant's multiple convictions violated the one-act, one-crime rule. As we have noted:

"Under the one-act, one-crime rule, a defendant may not be convicted of more than one offense 'carved from the same physical act.' [Citation.] In this context, 'act' means 'any overt or outward manifestation which will support a different offense.' [Citation.] We first determine whether the defendant's conduct consisted of a single physical act or separate acts. [Citation.] Multiple convictions are improper if they are based on precisely

the same physical act. If, however, the defendant's conduct is based on more than one physical act, we proceed to the second step—determining whether any of the offenses are lesser included offenses. [Citation.] If not, then multiple convictions are proper. [Citation.] Whether a violation of the rule has occurred is a question of law, which we review de novo. [Citation.]" *People v. Avendano*, 2023 IL App (2d) 220176, ¶ 46.

To determine whether conduct constitutes a single act or multiple acts, courts consider the theory under which the defendant was charged and the State's theory of the offenses at trial. See *People v. Crespo*, 203 Ill. 2d 335, 342-43 (2001).

¶ 22 Here, according to the indictment, the act underlying the aggravated battery charge was defendant's "grabb[ing] [Zinn] by the wrists and put[ting] pressure on her abdomen." The act underlying the domestic battery (bodily harm) charge was defendant's "[striking] Zinn's leg causing injury." At trial, Zinn testified that, before putting his knee on her belly, defendant "[hit] the left part of [her] hip, thigh area pretty hard" with his knee. A photograph admitted at trial showed the resultant bruising to her left thigh. The record clearly shows that the two offenses were based on separate physical acts.

¶ 23 So long as neither one of the offenses was a lesser-included offense of the other, both convictions may stand. For purposes of the one-act, one-crime rule, courts use the "abstract elements" test to determine whether one offense is a lesser-included offense of another. *People v. Reveles-Cordova*, 2020 IL 124797, ¶ 13. Under that test, " '[i]f all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second.' [Citation.]" *Id.* (quoting *People v. Miller*, 238 Ill. 2d 161, 166 (2010)). Here, neither offense is a lesser included offense of the other. Each offense contains an element not included in the other. Compare 720

ILCS 5/12-3.05(d)(2) (West 2018) (aggravated battery), with *id.* § 12-3.2(a)(1) (domestic battery (bodily harm)). Aggravated battery required proof that defendant knew Zinn was pregnant (an element not included in domestic battery (bodily harm)). On the other hand, domestic battery (bodily harm) required proof that defendant and Zinn were family or household members (an element not included in aggravated battery). Thus, there is no arguably meritorious basis for challenging defendant's multiple convictions.

¶ 24                                III. CONCLUSION

¶ 25     After examining the record, the motion to withdraw, and the memorandum of law, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of De Kalb County.

¶ 26     Affirmed.