NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190249-U

NO. 4-19-0249

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 16, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| TONY W. SHOEMAKER, | ) | No. 00CF21 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Adam Giganti, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1 *Held*: The trial court did not err in denying defendant's October 2018 motion for leave
to file a successive postconviction petition.

¶ 2 On October 22, 2018, defendant, Tony W. Shoemaker, filed a motion for leave to

file a successive petition for postconviction relief pursuant to the Post-Conviction Hearing Act

(Act) (725 ILCS 5/122-1 to 122-7 (West 2018)). On March 18, 2019, the trial court denied

defendant's motion for leave to file a successive petition. Defendant appealed. The Office of the

State Appellate Defender (OSAD) was appointed to represent defendant on appeal. On July 17,

2020, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and Illinois law, OSAD filed a motion

to withdraw as defendant's counsel on appeal. This court granted defendant leave to file a

response to OSAD's motion by August 21, 2020. Defendant did not file a response. After

reviewing defendant's October 22, 2018, *pro se* motion for leave to file a successive

postconviction petition, the petition defendant attached to his motion, and the record in this case, we grant OSAD's motion to withdraw and affirm the trial court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 3                                    I. BACKGROUND

¶ 4         In May 2000, defendant pled guilty to one count of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2000)) and one count of home invasion (720 ILCS 5/12-11(a)(2) (West 2000)). Before entering his plea, the trial court did not admonish defendant he could be ordered to pay restitution. The trial court sentenced defendant to consecutive 30-year sentences on each count.

¶ 5         In deciding defendant's direct appeal, this court affirmed defendant's conviction and sentence but reversed the trial court's order striking defendant's *pro se* motions and remanded the matter for an adequate inquiry into the factual basis for defendant's claims of ineffective assistance of counsel. *People v. Shoemaker*, No. 4-01-0300 (2002) (unpublished order under Illinois Supreme Court Rule 23). While the case was on remand, defendant filed a postconviction petition in May 2003, which the trial court summarily dismissed in August 2003. In October 2003, the trial court denied defendant's ineffective assistance claims. Defendant appealed both of the trial court's decisions. This court consolidated the two appeals and affirmed. *People v. Shoemaker*, 358 Ill. App. 3d 257, 262, 831 N.E.2d 1201, 1206 (2005).

¶ 6         In September 2013, defendant filed a motion for leave to file a successive postconviction petition, asserting the trial court did not properly admonish him pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997) as to the maximum penalty he was eligible for because the court did not mention he was subject to a restitution order. Defendant claimed he would not have entered his guilty plea if he had been aware he could be ordered to pay

restitution. The trial court denied defendant's motion because defendant failed to satisfy the cause-and-prejudice test.

¶ 7        Defendant appealed the denial of his motion to file a successive postconviction petition. This court affirmed, stating:

> "Defendant failed to raise this claim in his other postjudgment proceedings, including his initial 2003 postconviction petition. He claims he did not raise the issue because, prior to the supreme court's decision in *Snyder*, his claim lacked merit. See *People v. Snyder*, 2011 IL 111382. According to defendant, the remedy of vacating his guilty plea was not available until after *Snyder*.
>
> Although our supreme court specifically held in *Snyder* the trial court's failure to provide a restitution admonishment rendered a guilty plea involuntary (*Snyder*, 2011 IL 111382, ¶ 31), the claim was 'not new or novel.' See *People v. Guerrero*, 2012 IL 112020, ¶ 20 (the lack of precedent for a position differs from 'cause' for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, in order to preserve it for review). Other courts had previously addressed this precise issue. As OSAD notes, legal precedent existed, prior to *Snyder*, that noncompliance with Rule 402 admonishments could arguably result in finding a defendant's plea involuntary." *People v. Shoemaker*, No. 4-14-0846 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

This court concluded defendant could not establish the required cause and prejudice because "[r]egardless of whether defendant may have been successful in prior proceedings when raising the claim, the claim existed, and it should have been raised in order to properly preserve the

issue." *Shoemaker*, No. 4-14-0864 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8        In October 2018, defendant filed another motion for leave to file a successive petition for postconviction relief. Defendant again argued he was not properly admonished as to the maximum penalty he faced before entering a guilty plea because the trial court did not tell him he could be ordered to pay restitution. Again, defendant relied on *Snyder*, arguing he was not properly admonished and his guilty plea should be vacated. According to defendant's motion, he had "cause" to file his successive postconviction petition because *Snyder* was a new rule of law unavailable to him when he filed his initial postconviction petition.

¶ 9        On March 18, 2019, the trial court denied defendant's motion for leave to file a successive petition for postconviction relief. This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11        Defendant appeals the denial of his October 2018 motion for leave to file a successive postconviction petition, which was his second motion to file a successive petition. Our supreme court has noted the procedural bar of waiver, in the context of successive postconviction petitions, is more than a mere principle of judicial administration. *People v. Pitsonbarger*, 205 Ill. 2d 444, 458, 793 N.E.2d 609, 620 (2002). Instead, it is statutorily mandated. *Pitsonbarger*, 205 Ill. 2d at 458, 793 N.E.2d at 620-21. "Only when fundamental fairness so requires will the strict application of the statutory bar be relaxed." *Pitsonbarger*, 205 Ill. 2d at 458, 793 N.E.2d at 621.

¶ 12        This case does not involve a denial of defendant's first motion to file a successive postconviction petition. Instead, we are concerned with the denial of defendant's second motion to file a successive postconviction petition. Defendant's second motion raised the same issue as

- 4 -

his first motion—whether the trial court erred in not admonishing him he could be subject to a restitution order. Even though this court previously held defendant's claim was not "new or novel," defendant could have raised the claim in his initial postconviction petition, and defendant could not satisfy the "cause and prejudice" test necessary to raise the issue in a successive postconviction petition (*Shoemaker*, No. 4-14-0846 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c))), defendant again argues he could not have raised this argument earlier because, prior to our supreme court's decision in *Snyder*, his claim lacked merit.

¶ 13　　　　We hold our decision here is controlled by the law-of-the-case doctrine, which is related to *res judicata* and states "rulings made on points of law by a reviewing court are binding in the trial court upon remand and on subsequent appeals to the same reviewing court unless a higher court has changed the law." *People v. Anderson*, 2015 IL App (2d) 140444, ¶ 27, 48 N.E.3d 1134. "There are two exceptions to the law-of-the-case doctrine: (1) if a higher reviewing court makes a contrary ruling on the same issue after the lower court's decision, and (2) if a reviewing court determines that its prior decision was palpably erroneous." *Anderson*, 2015 IL App (2d) 140444, ¶ 27. Because neither of these exceptions apply, we hold the trial court did not err in denying defendant's October 2018 motion for leave to file a successive postconviction petition.

¶ 14　　　　　　　　　　　　　III. CONCLUSION

¶ 15　　　　For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's denial of defendant's October 2018 motion for leave to file a successive postconviction petition.

¶ 16　　　　Affirmed.