2022 IL App (1st) 191689-U

SIXTH DIVISION
May 6, 2022

No. 1-19-1689

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 13 CR 1972 |
| TYREESE RICHARDSON, | ) ) ) | Honorable Erica L. Reddick, Judge Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Pierce and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We vacate defendant's conviction and sentence for home invasion as it violates the one-act, one-crime doctrine, and otherwise affirm.

¶ 2    Following a jury trial, defendant Tyreese Richardson was convicted of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(4) (West Supp. 2011)) and home invasion (720 ILCS 5/12-11(a)(6) (West 2010) (recodified as 720 ILCS 5/19-6(a)(6) (eff. Jan. 1, 2013)) and sentenced to consecutive terms of 25 and 15 years in prison. On appeal, Mr. Richardson argues, and the State concedes, that we should vacate his home invasion conviction, as it violates the one-act, one-crime doctrine because it is a lesser-included offense of his aggravated criminal sexual assault

conviction. We have reviewed the briefs and record and agree with the parties that these two convictions violate the one-act one-crime doctrine. We therefore vacate Mr. Richardson's home invasion conviction and affirm his conviction for aggravated criminal assault, which is the more serious offense.

¶ 3                                    I. BACKGROUND

¶ 4     Mr. Richardson was charged by indictment with 15 counts, but the State proceeded to trial on only 2 counts of aggravated criminal sexual assault and 1 count of home invasion. The aggravated criminal sexual assault counts charged that Mr. Richardson committed criminal sexual assault by using force or threat of force to penetrate A.W.H.'s (1) vagina and (2) anus during the course of committing home invasion. The home invasion count charged that Mr. Richardson, while not being a peace officer, knowingly entered A.W.H.'s dwelling, remained until he knew someone was present, and committed criminal sexual assault against A.W.H. therein. Because Mr. Richardson does not challenge the sufficiency of the evidence to sustain his conviction, we recount the facts only to the extent necessary to resolve the issue on appeal.

¶ 5     The evidence adduced at trial showed that a man entered A.W.H.'s home in the early morning of August 5, 2012, without authority, tied her hands and feet, and sexually assaulted her multiple times, penetrating her vagina and anus with his penis. He held a knife. He threatened to kill her and took her engagement ring. A semen stain on A.W.H.'s nightgown contained a major DNA profile from which Mr. Richardson could not be excluded. Mr. Richardson subsequently admitted to detectives that he entered A.W.H.'s house through a window, grabbed a knife from her kitchen, penetrated her vagina with his penis, and took her ring. Mr. Richardson testified, however, that A.W.H. let him in her home and they had consensual sex. He denied telling the detectives that he sexually assaulted her or took her ring.

¶ 6     The State also presented proof-of-other-crimes evidence that (1) Mr. Richardson's DNA was associated with another sexual assault committed in a similar manner; (2) the victim of that assault subsequently identified Mr. Richardson as her attacker in a lineup; and (3) Mr. Richardson admitted to the police that he assaulted the victim.

¶ 7     The jury found Mr. Richardson guilty of home invasion premised on committing aggravated criminal sexual assault and one count of aggravated criminal sexual assault based on penetrating A.W.H.'s vagina while committing home invasion. It acquitted him of aggravated criminal sexual assault based on penetrating A.W.H.'s anus. Following a hearing, the court sentenced Mr. Richardson to 25 years in prison for the aggravated criminal sexual assault, and 15 years in prison, to be served consecutively, for the home invasion. Mr. Richardson did not file a motion to reconsider his sentence.

¶ 8                              II. JURISIDICTION

¶ 9     The trial court sentenced Mr. Richardson on July 31, 2019, and Mr. Richardson timely filed his notice of appeal on August 1, 2019. We have jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 603 (eff. Feb. 6, 2013) and 606 (eff. July 1, 2017), governing appeals from final judgments in criminal cases.

¶ 10                              III. ANALYSIS

¶ 11     Mr. Richardson now appeals, arguing that we should vacate his home invasion conviction. He contends that his home invasion conviction violates the one-act, one-crime doctrine as it is a lesser-included offense of his aggravated criminal sexual assault conviction. The State concedes and we agree.

¶ 12     Initially, Mr. Richardson acknowledges that he did not preserve this issue for our review

by raising it below. However, Mr. Richardson requests plain-error review. The plain-error doctrine permits us to review an unpreserved error where a clear or obvious error occurred and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the error "is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Coats*, 2018 IL 121926, ¶ 9. One-act, one-crime violations will be reversed as second-prong plain error. *Id.* ¶ 10. We review violations of the one-act, one-crime rule *de novo*. *Id.* ¶ 12.

¶ 13    The one-act, one-crime rule prevents a criminal defendant from being convicted of multiple offenses that are based on the same physical act. *Id.* ¶ 11 (citing *People v. King*, 66 Ill. 2d 551, 566 (1977)). The rule further prevents multiple convictions where the offenses are based on separate acts, but one offense is a lesser-included offense of another. *People v. Miller*, 238 Ill. 2d 161, 165 (2010). Thus, first, we must determine whether the relevant convictions are based on the same physical act. *Id.* If the offenses are based on multiple acts, we "must determine whether any of the offenses are lesser-included offenses." *Id.* As the parties correctly agree that Mr. Richardson's conduct consisted of multiple acts, we proceed directly to analyzing whether one of his convictions was for a lesser-included offense.

¶ 14    To determine whether one offense is a lesser-included offense of another, our supreme court has made clear that we are to employ the abstract elements approach. *People v. Reveles-Cordova*, 2020 IL 124797, ¶ 13. The abstract elements approach asks whether one offense includes all of the statutory elements of another offense, and does not contain any element not included in the other offense. *Id.* "In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense." *Id.* In making this determination, we look to the

specific statutory subsections under which the defendant was charged and convicted. *Id.* ¶¶ 14-20.

¶ 15    Here, Mr. Richardson was charged with aggravated criminal sexual assault pursuant to section 11-1.30(a)(4) of the Criminal Code of 1961 (Code) (720 ILCS 5/11-1.30(a)(4) (West Supp. 2011)), predicated on committing criminal sexual assault during the course of committing another felony, home invasion. Section 11-1.30(a)(4) provides that a person commits aggravated criminal sexual assault if he commits criminal sexual assault "during the course of committing or attempting to commit any other felony." 720 ILCS 5/11-1.30(a)(4) (West Supp. 2011). Section 11-1.20 provides that a person commits criminal sexual assault when he commits an act of sexual penetration and uses force or threat of force. 720 ILCS 5/11-1.20(a)(1) (West 2012).

¶ 16    Mr. Richardson was also charged with home invasion pursuant to section 12-11(a)(6) of the Code (720 ILCS 5/12-11(a)(6) (West 2010)), predicated on criminal sexual assault. When applying the abstract elements approach to home invasion, we are to look to the specific predicate offense listed in section 12-11(a)(6) for which the defendant was charged and convicted. *Reveles-Cordova*, 2020 IL 124797, ¶ 20 ("the five sex offenses identified in subsection (a)(6) should be construed as separately proscribed offenses"). Section 12-11(a)(6) provides that a person commits home invasion if he, while not being a peace officer acting in the line of duty, enters or remains in a dwelling place without authority when he knows or has reason to know someone is present and commits one of several predicate sex offenses, including sections 11-1.20 (criminal sexual assault) and 11-1.30 (aggravated criminal sexual assault). 720 ILCS 5/12-11(a)(6) (West 2010).

¶ 17    We agree with the parties that, as charged here, it is impossible to commit aggravated criminal sexual assault predicated on home invasion without committing home invasion and impossible to commit home invasion predicated on criminal sexual assault without committing aggravated criminal sexual assault. The proof necessary to establish home invasion—that Mr.

Richardson, while not being a peace officer, entered or remained in A.W.H.'s home knowing someone was present and committed criminal sexual assault against her therein—necessarily established that he committed criminal sexual assault while committing home invasion as charged in the aggravated criminal sexual assault offense. Under the subsections charged here, home invasion contains no elements absent from aggravated criminal sexual assault, and vice versa. See *People v. Gillespie*, 2014 IL App (4th) 121146, ¶¶ 14, 23 (noting that "the predicate offense for another crime is a lesser-included offense of the other crime," and concluding that it was impossible to commit aggravated criminal sexual assault predicated on another felony without necessarily committing the predicate felony).

¶ 18    We note that, although the indictment predicated Mr. Richardson's home invasion offense on criminal sexual assault, the jury instructions predicated his home invasion offense on aggravated criminal sexual assault. Specifically, the jury instructions provided that a person committed home invasion if he, while not being a police officer, knowingly entered another's dwelling and remained until he knew or had reason to know that someone was present, and committed aggravated criminal sexual assault.

¶ 19    That difference does not affect the outcome of this case. Here, aggravated criminal sexual assault predicated on home invasion and home invasion predicated on aggravated criminal sexual assault have identical elements: entering A.W.H.'s dwelling while not being a peace officer, remaining until he knew or had reason to know someone was present, and committing criminal sexual assault, in this case penetrating her vagina by force or threat of force. Thus, Mr. Richardson's convictions would rest on the same physical acts, entering A.W.H.'s home and sexually penetrating her. His convictions therefore violate the one-act, one-crime rule when examining his offenses as set out in either the the indictment or the jury instructions. Mr.

Richardson has established plain error. *Coats*, 2018 IL 121926, ¶ 10.

¶ 20    Having determined that Mr. Richardson's convictions for aggravated criminal sexual assault and home invasion share the same elements under the abstract elements approach, we must determine which is the more serious offense, as "sentence should be imposed on the more serious offense and the less serious offense should be vacated." *People v. Artis*, 232 Ill. 2d 156, 170 (2009). The seriousness of the offenses is determined by comparing their relative punishments. *Id.* Mr. Richardson's aggravated criminal sexual assault and home invasion offenses are both Class X felonies carrying potential sentencing ranges of 6 to 30 years to be served at 85%. 720 ILCS 5/11-1.30(d)(1) (West Supp. 2011); 720 ILCS 5/12-11(c) (West 2010); 730 ILCS 5/5-4.5-25(a) (West 2012); Pub. Act. 97-697, § 5 (eff. June 22, 2012) (amending 730 ILCS 5/3-6-3(a)(2)(ii), (iii)). However, aggravated criminal sexual assault carries a longer potential term of mandatory supervised release than home invasion (see 730 ILCS 5/5-8-1(d)(1), (4) (West Supp. 2011) (mandatory supervised release term is three years for home invasion and three years to life for aggravated criminal sexual assault)) and subjects Mr. Richardson to registration as a sex offender (730 ILCS 150/2(E)(1) (West Supp. 2011); 730 ILCS 150/7 (West 2012)). We therefore agree with the parties that aggravated criminal sexual assault is the more serious offense. Accordingly, we affirm Mr. Richardson's conviction and sentence for aggravated criminal sexual assault but vacate his conviction and sentence for home invasion. See *Artis*, 232 Ill. 2d at 170.

¶ 21                                    IV. CONCLUSION

¶ 22    For the foregoing reasons, the judgment of the trial court is affirmed in part and vacated in part.

¶ 23    Affirmed in part and vacated in part.