NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251066-U

NO. 4-25-1066

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 23, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| TONY W. SHOEMAKER, | ) | No. 00CF21 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Adam Giganti, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment, as no issue of arguable merit could be raised on appeal.

¶ 2   In 2000, defendant, Tony W. Shoemaker, pleaded guilty to one count of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2000)) (recodified as 720 ILCS 5/11-1.30 (West Supp. 2011)) and one count of home invasion (720 ILCS 5/12-11(a)(2) (West 2000)) (recodified as 720 ILCS 5/19-6 (West Supp. 2013)). The trial court sentenced defendant to two consecutive terms of 30 years in prison. In July 2025, defendant filed his fourth motion for leave to file a successive postconviction petition, alleging that (1) his convictions violated the one-act, one-crime doctrine and (2) the court improperly applied the same aggravating factor, great bodily harm, to both offenses during sentencing. The court denied the motion. Defendant timely filed a notice of appeal, and the court appointed appellate counsel to represent him. Appellate counsel

now seeks to withdraw pursuant to the procedure in *Anders v. California*, 386 U.S. 738 (1967), contending any argument he might make would be meritless. We grant counsel's motion to withdraw and affirm the court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4                          A. Defendant's Charges, Plea, and Sentence

¶ 5          On February 18, 2000, defendant was charged with a two-count information, alleging that on February 16, 2000, he entered Sandy Herald's home in Jacksonville, Illinois, without authority and sexually assaulted her. Count I alleged aggravated sexual assault in that defendant "placed his penis in the body of Sandy Herald and in doing so the defendant caused bodily harm to Sandy Herald by striking Sandy Herald about the body." Count II alleged home invasion, alleging that defendant entered Sandy Herald's dwelling and "intentionally caused injury to Sandy Herald within such dwelling in that he struck Sandy Herald [a]bout the body."

¶ 6          On May 8, 2000, defendant entered an open guilty plea to both counts. At the guilty plea hearing, the State proffered that the evidence would show that on February 16, 2000, defendant, without authority, entered Herald's dwelling, and "by the use of force he performed intercourse on her, placing his penis in her vagina, causing bodily harm to her and striking her about the body, again causing that bodily injury to her within the dwelling place." The trial court found a sufficient factual basis to support the plea based on the proffer.

¶ 7          On June 16, 2000, the trial court conducted a sentencing hearing. Herald testified that she had known defendant and his father for about four years because defendant's father "has a construction company, and they did many, many, many jobs for me." Defendant broke into her home "through a storm window in the basement that he and his family had installed." Herald testified that defendant's "sexual assaults and the beatings" lasted for over seven hours. She

described them as "extremely painful." Herald testified that defendant punched her in the face, ribs, and diaphragm, "tried to smother [her] over and over," and choked her. She underwent two surgeries to her face because of her injuries. Defendant offered no evidence in mitigation but made a statement in allocution apologizing for his actions.

¶ 8        The trial court explained that it found no mitigating factors beyond defendant's apology to a detective and the court. In aggravation, the court found (1) defendant's conduct caused serious harm, (2) he had a history of substantial criminal activity, (3) he was on probation at the time of the offense, and (4) there was a need to deter this defendant and others from similar conduct. With respect to the home invasion, the court specifically noted that defendant's "conduct caused great bodily harm." The court sentenced defendant to two consecutive 30-year terms of imprisonment and ordered him to pay fines, as well as restitution of $40,550. The court also ordered the Illinois Department of Corrections (DOC) to withhold 50% of defendant's monthly corrections income as payment toward his costs and restitution.

¶ 9        In July 2000, defense counsel filed a motion to reconsider defendant's sentence. Two days later, defendant filed *pro se* motions for a reduction of his sentence, as well as a motion to withdraw his guilty plea and vacate his sentence. The trial court struck defendant's *pro se* motions. In October 2000, defendant filed a *pro se* petition to reinstate his motion to withdraw his guilty plea, alleging ineffective assistance of counsel, and a motion for the appointment of new counsel. The court struck the petition and motion. In March 2001, defendant filed another *pro se* petition to reinstate his motion to withdraw his guilty plea, again alleging ineffective assistance of counsel. The court struck that petition. On March 27, 2001, the court denied defendant's motion to reconsider or modify his sentence.

¶ 10                    B. Defendant's Postplea Filings

¶ 11        Defense counsel appealed the trial court's denial of his motion to reconsider. In August 2001, while defendant's appeal was pending, he filed a *pro se* request and motion to vacate a void judgment. The court struck the motion.

¶ 12        On appeal, defendant raised four issues: (1) the "truth-in-sentencing" provision of section 3-6-3(a)(2)(ii) of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(2)(ii)) (West 2000)) is unconstitutional under the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) he was entitled to a $510 credit against his fines; (3) the trial court erred by not inquiring into his claims of ineffective assistance of counsel; and (4) the order directing DOC to withhold 50% of his monthly corrections income toward payment of restitution and costs was void. *People v. Shoemaker*, No. 4-01-0300 (2002) (unpublished order under Illinois Supreme Rule 23). We affirmed in part, vacated in part, reversed in part, and remanded with instructions. Specifically, we (1) affirmed defendant's sentence, ruling that defendant's *Apprendi* claim lacked merit, (2) ordered the court to give defendant a $100 credit against his fines, (3) reversed the court's decision to strike defendant's *pro se* claims of ineffective assistance of counsel, and (4) vacated the court's order to withhold a portion of defendant's monthly corrections income. We remanded for an adequate inquiry into defendant's ineffective-assistance claims.

¶ 13        On November 25, 2002, the trial court entered an order (1) giving defendant a $100 credit toward his fines, (2) vacating the order directing DOC to withhold 50% of defendant's income toward costs and restitution, and (3) appointing counsel to represent defendant "for an adequate inquiry into the factual basis for defendant's claim of ineffective assistance of counsel." Three months later, defendant filed a motion for substitution of counsel, which the court denied.

¶ 14        In May 2003, before the trial court conducted a hearing on defendant's ineffective-assistance-of-counsel claim, defendant filed his first *pro se* postconviction petition,

alleging that (1) the consecutive sentencing scheme under which he was sentenced was unconstitutional under *Apprendi*, (2) truth-in-sentencing violates an individual's due process rights, (3) the aggravated criminal sexual assault statute was unconstitutional, and (4) his counsel was ineffective. In July 2003, defendant filed a *pro se* motion to supplement his postconviction petition, arguing that (1) the sentencing statute requiring that he receive consecutive sentences is unconstitutionally vague and (2) his sentences are void due to the unconstitutionality of the sentencing statute. In August 2003, the court dismissed the amended petition as "patently without merit."

¶ 15       In October 2003, the trial court held a hearing on defendant's *pro se* claims of ineffective of counsel following remand. The court found no basis to support defendant's claims of ineffective assistance. Defendant appealed both that order and the court's August 2003 order dismissing his postconviction petition. We consolidated defendant's appeals and affirmed both decisions. *People v. Shoemaker*, 358 Ill. App. 3d 257, 262 (2005).

¶ 16       In August 2006, defendant filed a "Petition to Vacate Void Judgment and Sentences," arguing that his conviction for home invasion was a lesser-included offense of aggravated criminal sexual assault and should be vacated or set aside. In October 2006, the trial court dismissed the petition, finding that it raised "virtually the same issue that was previously raised" in defendant's May 30, 2003, postconviction petition, which the court dismissed and the appellate court affirmed. Defendant filed a motion to reconsider, which the court denied.

¶ 17       In July 2011, defendant filed a petition for relief from judgment, arguing that (1) he did not fully understand the consequences of his guilty plea, (2) his consecutive sentences were unconstitutional, and (3) his fourth amendment (U.S. Const., amend. IV) rights were violated. In November 2011, the State filed a motion to dismiss the petition. In April 2012, defendant filed an

amended petition for relief from judgment, making essentially the same arguments as in his original petition. The State filed a motion to dismiss defendant's amended petition. The trial court granted the State's motion to dismiss, finding that defendant "failed to allege the existence of a meritorious claim" and "has not demonstrated due diligence in [filing] the petition." Appellate counsel was appointed to represent defendant on appeal. Appellate counsel moved to withdraw because any argument in support of the appeal would be frivolous. This court granted the motion and affirmed the dismissal of the petition. *People v. Shoemaker*, No. 4-12-0569 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 18　　　　In September 2013, defendant filed a motion for leave to file a successive postconviction petition, arguing that his guilty plea was involuntary. The State requested that the motion be denied. The trial court denied leave to file the petition. Counsel was appointed to represent defendant on appeal and subsequently filed a motion to withdraw from representing defendant because "any argument in support of this appeal would be frivolous." We granted appellate counsel's motion to withdraw and affirmed the court's judgment. *People v. Shoemaker*, No. 4-14-0846 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 19　　　　In October 2018, defendant filed another motion for leave to file a successive postconviction petition, again arguing that his plea was involuntary. The trial court found defendant's motion to be meritless and dismissed it. We granted appellant counsel's request to withdraw and affirmed the dismissal. *People v. Shoemaker*, 2020 IL App (4th) 190249-U, ¶ 15.

¶ 20　　　　In November 2021, defendant filed another petition for relief from judgment, arguing that (1) he was convicted of a void judgment and (2) the trial court was without jurisdiction to enter judgment on the aggravated criminal sexual assault charge. In December 2021, the State filed a motion to dismiss the petition. The court dismissed the petition with prejudice in December

2021. This court granted appellate counsel's request to withdraw and affirmed the dismissal of the petition. *People v. Shoemaker*, No. 4-22-0064 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 21 In April 2023, defendant filed his third motion for leave to file a successive postconviction petition, alleging (1) he received improper admonitions from the trial court, (2) his plea counsel was ineffective, (3) his sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. 1, § 11), and (4) plain error. In May 2023, the court found "Defendant's Third Petition for Successive Post-Conviction Relief is both frivolous and without merit and is therefore Dismissed with prejudice." Defendant did not appeal that dismissal.

¶ 22 C. Defendant's Most Recent Petition

¶ 23 Finally, in July 2025, defendant filed his fourth motion for leave to file a successive postconviction petition, arguing that (1) his convictions violated the one-act, one-crime doctrine and (2) the trial court improperly considered that he committed " 'great bodily harm' " with respect to both crimes during sentencing.

¶ 24 With respect to the first issue, defendant contended that he was convicted of "aggravated criminal sexual assault and home invasion, both stemming from a single incident," and received two consecutive sentences "based on the same underlying act." With respect to his second issue, defendant argued that "[t]he sentencing court improperly applied the same aggravating factor—'great bodily harm'—to both convictions, resulting in duplicative enhancement of punishment, contrary to Illinois law," citing "*People v. Latona*, 1998 IL 79122," and "*People v. Phelps*, 182 Ill. App. 3d 1032 (1989)."

¶ 25 Defendant argued that although he previously filed postconviction petitions that were denied, "new developments and constitutional issues now permit thi8s [*sic*] successive

petition." Defendant contended that "new, controlling legal authority not available at the time of Defendant's prior filings," specifically the appellate court decisions in *People v. Richardson*, 2022 IL App (1st) 191689-U, and *People v. Carter*, 2024 IL App (2d) 230234, "clarify that multiple convictions based on the same physical act must be merged, with only one sentence imposed, under Illinois' one-act, one-crime doctrine." Defendant claimed that *Richardson* and *Carter* "constitute new, controlling legal authority not available at the time of Defendant's prior filings, satisfying the '[c]ause' requirement for successive petitions." In addressing "[p]rejudice," defendant asserted that he "is serving an excessive, constitutionally infirm sentence that exceeds lawful punishment guidelines, causing ongoing harm and undermining confidence in the judicial process."

¶ 26    On September 22, 2025, the trial court denied defendant's motion for leave to file a successive petition for postconviction relief, finding that the "claims cited in his petition fail as a matter of law."

¶ 27    This appeal followed.

¶ 28                        II. ANALYSIS

¶ 29    Appellate counsel moves for leave to withdraw. He supports his motion with a memorandum, which states he considered raising on defendant's behalf that defendant established cause and prejudice for (1) his one-act, one-crime claim and (2) his "Double Application of Aggravating Factor" claim. However, counsel determined that the arguments lacked merit. We agree.

¶ 30                    A. Cause and Prejudice

¶ 31    The Post-Conviction Hearing Act (Act) (725 ILCS 5/art.122 (West 2024)) provides a means to collaterally attack a criminal conviction based on a substantial denial of a defendant's

state or federal constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). A defendant must obtain leave from the trial court to file a successive petition under the Act. 725 ILCS 5/122-1(f) (West 2024).

¶ 32 To obtain leave to file a successive postconviction petition, a defendant must either (1) show cause and prejudice for the failure to raise a claim in his earlier petition or (2) set forth a colorable claim of actual innocence. *Pitsonbarger*, 205 Ill. 2d at 459. Cause is defined as "some objective factor external to the defense" that prevented the defendant from raising the claim in an earlier proceeding. (Internal quotation marks omitted). *Pitsonbarger*, 205 Ill. 2d at 460. Prejudice is an error so infectious to the proceedings "that the resulting conviction or sentence violates due process." *Pitsonbarger*, 205 Ill. 2d at 464.

¶ 33 Our supreme court has explained:

> "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35.

The cause and prejudice test for a successive petition requires a higher standard than the first-stage frivolous or patently without merit standard set forth in the Act. *Smith*, 2014 IL 115946, ¶ 35.

¶ 34 B. One-Act, One-Crime

¶ 35 The one-act, one-crime doctrine was articulated by our supreme court in *People v. King*, 66 Ill. 2d 551, 566 (1977), nearly 50 years ago. The doctrine provides:

> "Prejudice results to the defendant only in those instances where more than

one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *King*, 66 Ill. 3d at 566.

¶ 36     Decisions following *King* have held that the one-act, one-crime doctrine involves a two-step analysis. *People v. Miller*, 238 Ill. 2d 161, 165 (2010). "First, the court must determine whether the defendant's conduct involved multiple acts or a single act." *Miller*, 238 Ill. 2d at 165. Multiple convictions are improper if they are based on entirely the same physical act. *Miller*, 238 Ill. 2d at 165. "Second, if the conduct involved multiple acts, the court must determine whether any of the offenses are lesser-included offenses." *Miller*, 238 Ill. 2d at 165. "If an offense is a lesser-included offense, multiple convictions are improper." *Miller*, 238 Ill. 2d at 165.

¶ 37     To determine if one offense is a lesser-included offense of another, our supreme court requires that we employ the abstract elements approach. *People v. Reveles-Cordova*, 2020 IL 124797, ¶ 13. The abstract elements approach asks whether one offense includes all the statutory elements of another offense and does not contain any element not included in the other offense. *Revels-Cordova*, 2020 IL 124797, ¶ 13. "In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense." *Revels-Cordova*, 2020 IL

- 10 -

124797, ¶ 13. In making this determination, we look to the specific statutory subsections under which the defendant was charged and convicted. *Revels-Cordova*, 2020 IL 124797, ¶ 13.

¶ 38       In *Reveles-Cordova*, our supreme court explained how the abstract elements approach applies to the offense of home invasion. *Reveles-Cordova*, 2020 IL 124797, ¶ 14. A defendant commits home invasion when,

> "without authority[,] he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present or he or she knowingly enters the dwelling place of another and remains in such dwelling place until he or she knows or has reason to know that one or more persons is present"

and he or she engages in a separate predicate act, listed in one of six subsections. 720 ILCS 5/12-11(a) (West 2000). These predicate acts include using force or threatening to use force while armed with a firearm or other dangerous weapons (720 ILCS 5/12(a)(1), (3) (West 2000)); intentionally causing injury (720 ILCS 5/12-11(a)(2) (West 2000)); using force or threatening to use force and discharging a firearm (720 ILCS 5/12-11(a)(4) (West 2000)); personally discharging a firearm that proximately causes great bodily harm (720 ILCS 5/12-11(a)(5) (West 2000)); and committing one of five sexual offenses, including aggravated criminal sexual assault (720 ILCS 5/12-11(a)(6) (West 2010)). "[E]ach of the alternative acts or predicates contained in the six subsections of section 12-11(a) of the home invasion statute should be construed as separately proscribed offenses." *Reveles-Cordova*, 2020 IL 124797, ¶ 20. "Additionally, the five sex offenses identified in subsection (a)(6) should be construed as separately prescribed offenses as well." *Reveles-Cordova*, 2020 IL 124797, ¶ 20. Thus, in *Reveles-Cordova*, the supreme court vacated the defendant's conviction for criminal sexual assault because "[p]roof of criminal sexual assault is a

necessary element of proof of home invasion predicated on criminal sexual assault" where the defendant was charged under subsection (a)(6) of the home invasion statute. *Reveles-Cordova*, 2020 IL 124797, ¶¶ 1, 21.

¶ 39        As explained above, the one-act, one-crime principle has existed for nearly 50 years. Thus, defendant's claim in his motion that two cases decided in 2022 and 2024 (*Richardson* and *Carter*) "constitute new, controlling legal authority not available at the time of Defendant's prior filings" lacks merit. The lack of precedent for a position differs from "cause" for failing to raise an issue. *People v. Guerrero*, 2012 IL 112020, ¶ 20. Defendant could have claimed in any of his prior petitions that his two convictions violated the one-act, one-crime principle. His failure to do so does not demonstrate "cause." This is especially true since five years prior to defendant filing the petition at issue here and three years before defendant filed his third successive petition, the supreme court issued its opinion in *Reveles-Cordova*, addressing the one-act, one-crime issue related to home invasion and sexual assault. Thus, defendant could have raised that issue much earlier than he did, destroying his claim of "cause." Furthermore, the cases that defendant cites do not establish "prejudice" because they are distinguishable.

¶ 40        First, in *Richardson*, the defendant was convicted of aggravated criminal sexual assault and home invasion and sentenced to consecutive terms of 25 and 15 years in prison. *Richardson*, 2022 IL App (1st) 191689-U, ¶ 2. On appeal, the defendant argued, and the State conceded, that the defendant's home invasion conviction should be vacated, as it violated the one-act, one-crime doctrine because the defendant's home invasion conviction was a lesser-included offense of his aggravated criminal sexual assault conviction. *Richardson*, 2022 IL App (1st) 191689-U, ¶ 2. In *Richardson*, the defendant was charged with home invasion pursuant to section 12-11(a)(6) of the Criminal Code of 1961 (720 ILCS 5/12-11(a)(6) (West 2000)), which is

"predicated on criminal sexual assault." *Richardson*, 2022 IL App (1st) 191689-U, ¶ 16. The First District explained that when applying the abstract elements approach to home invasion, the court looked to the specific predicate offenses listed in section 12-11(a)(6) for which the defendant was charged and convicted. *Richardson*, 2022 IL App (1st) 191689-U, ¶ 16. The First District agreed with the parties that "as charged here, it is impossible to commit aggravated criminal sexual assault predicated on home invasion without committing home invasion and impossible to commit home invasion predicated on criminal sexual assault without committing aggravated criminal sexual assault." *Richardson*, 2022 IL App (1st) 191689-U, ¶ 17. The court concluded: "Under the subsections charged here, home invasion contains no elements absent from aggravated criminal sexual assault, and vice versa." *Richardson*, 2022 IL App (1st) 191689-U, ¶ 17. Because the two crimes as charged shared the same elements, the defendant's conviction for home invasion was vacated. *Richardson*, 2022 IL App (1st) 191689-U, ¶ 20.

¶ 41    The Second District reached a similar result in *Carter*, also cited by defendant. In that case, the defendant was convicted of two counts of home invasion and one count of criminal sexual assault. *Carter*, 2024 IL App (2d) 230234, ¶ 1. The court first vacated one count of home invasion and then vacated the criminal sexual assault conviction "because the home invasion charge was predicated on criminal sexual assault," as it was brought pursuant to subsection (a)(6) of the home invasion statute (720 ILCS 5/12-11(a)(6) (West 2000)), like in *Richardson*. *Carter*, 2024 IL App (2d) 230234, ¶¶ 1, 11.

¶ 42    The problem with defendant's argument is that he was not charged under the same subsections as the defendants in *Richardson* or *Carter*. Unlike the cases of *Richardson* and *Carter*, where the home invasion was predicated on sexual assault and the sexual assault was predicated on home invasion, defendant here was charged under subsection (a)(2) of the home invasion statute

(720 ILCS 5/23-11(a)(2) (West 2000)) for causing "intentional injury" to a person or persons within the dwelling, not committing a sexual act. Because defendant's crime of home invasion was not predicated on aggravated criminal sexual assault pursuant to subsection (a)(6) of the statute, *Richardson* and *Carter* do not apply.

¶ 43    Notably, the same year that the First District decided *Richardson*, this court decided *People v. Austin*, 2022 IL App (4th) 200630-U. In that case, the defendant was charged with three counts of aggravated criminal sexual assault and two counts of home invasion pursuant to subsection (a)(2) of the home invasion statute (720 ILCS 5/12-11(a)(2) (West 2000)). *Austin*, 2022 IL App (4th) 200630-U, ¶ 9. He was sentenced to consecutive 16-year sentences for three counts of aggravated criminal sexual assault and one count of home invasion. *Austin*, 2022 IL App (4th) 200630-U, ¶ 31. In his postconviction petition, defendant claimed that the "three aggravated sexual assault convictions and the home invasion conviction should all merge under the one-act, one-crime doctrine." *Austin*, 2022 IL App (4th) 200630-U, ¶ 42. We found the defendant was "mistaken." *Austin*, 2022 IL App (4th) 200630-U, ¶ 42. First, we pointed out that "home invasion is clearly a different crime than aggravated criminal sexual assault because none of the elements of home invasion are within any of the elements of aggravated criminal sexual assault." *Austin*, 2022 IL App (4th) 200630-U, ¶ 43. We further pointed out that the defendant's home invasion was predicated on the defendant's "intention to cause bodily injury, not to commit sexual assault." *Austin*, 2022 IL App (4th) 200630-U, ¶ 43 (citing 720 ILCS 5/12-11(a)(2) (West 1996)). Thus, there was no violation of the one-act, one-crime doctrine, and all the defendant's convictions were affirmed. *Austin*, 2022 IL App (4th) 200630-U, ¶¶ 42, 65.

¶ 44    *Austin* is on all fours with this case, where defendant's home invasion was predicated on intentional injury under subsection (a)(2) of the home invasion statute (720 ILCS

5/12-11(a)(2) (West 2000)), not aggravated criminal sexual assault under subsection (a)(6) of the statute (720 ILCS 5/12-11(a)(6) (West 2000)). Unlike the crimes at issue in *Richardson* and *Carter*, defendant's crime of home invasion was not predicated on aggravated criminal sexual assault. Because the circumstances in *Richardson* and *Carter* are not present here, defendant did not establish prejudice.

¶ 45                            C. Duplicative Aggravating Factor

¶ 46            With regard to his second claim, defendant asserts that "[t]he sentencing court improperly applied the same aggravating factor—'great bodily harm'—to both convictions, resulting in duplicative enhancement of punishment, contrary to Illinois law." In support of this proposition, defendant cited in his motion "*People v. Latona*, 1998 IL 79122," and "*People v. Phelps*, 182 Ill. App. 3d 1032 (1989)." However, neither case citation is correct as written. The correct citations are *People v. Latona*, 184 Ill. 2d 260 (1998), and *People v. Phelps*, 211 Ill. 2d 1 (2004). However, defendant failed to explain how those 20-plus-year-old cases support his position or why he was unable to raise them in his original postconviction petition in 2003 or soon thereafter. Thus, defendant has failed to establish "cause" with respect to this issue.

¶ 47            Additionally, defendant has failed to establish prejudice because his argument fails on its merits. The very case that defendant cited, *Phelps*, 211 Ill. 2d at 16, contradicts defendant's position. Instead, the court in *Phelps* stated that courts are prohibited from using a single factor "twice with respect to the *same offense*." (Emphasis in original.) *Phelps*, 211 Ill. 2d at 17. There is no principle that prohibits the use of a single factor with respect to separate and distinct offenses. *Phelps*, 211 Ill. 2d at 17. "Each conviction results in a discrete sentence that must be treated individually." *People v. Carney*, 196 Ill. 2d 518, 530 (2001). Thus, to the extent defendant is arguing that it was improper for the court to use "great bodily harm" as an aggravating factor for

both offenses, his argument fails, and he did not establish prejudice.

¶ 48        However, defendant's argument on this issue is less than clear because he uses the terms "duplicative enhancement" and "Double Application of [an] Aggravating Factor." To the extent that defendant is arguing that it was improper for the trial court to consider "great bodily harm" as an aggravating factor in either offense, this argument also fails. "Generally, a factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense." *Phelps*, 211 Ill. 2d at 11. "Such dual use of a single factor is often referred to as a 'double enhancement.' " *Phelps*, 211 Ill. 2d at 12. However, that did not happen here. The court could consider great bodily harm with respect to both offenses of home invasion and aggravated criminal sexual assault because "great bodily harm" is not an element of either crime. See 720 ILCS 5/12-14(a)(2) (West 2000) (elements of aggravated criminal sexual assault are that a person commits criminal sexual assault and causes bodily harm to the victim); 720 ILCS 5/12-11(a)(2) (West 2000) (the elements of home invasion are the unauthorized entry of a dwelling and the intentional injury of a person therein). Under the circumstances presented here, defendant has failed to establish either cause or prejudice with respect to this issue.

¶ 49        After examining the record, the motion to withdraw, and appellate counsel's memorandum of law, we agree with counsel that this appeal presents no issues of arguable merit. We therefore grant counsel's motion to withdraw and affirm the judgment of the trial court.

¶ 50                                III. CONCLUSION

¶ 51        For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 52        Affirmed.

- 16 -